SANTINI ET AL., PETITIONERS, *v.* LÓPEZ ACOSTA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of Guayama in an Action for Nullity of Contract, Etc.

No. 276.—Decided June 24, 1920.

CERTIORARI—WARRANTY.—Certiorari is not a writ of right and when the Supreme Court is convinced that the ends of justice will be better served by allowing the case to proceed in order that the question involved may be considered on appeal, that question should not be decided in certiorari proceedings. Applying that principle, although the question of warranty was examined in the opinion it was not finally decided.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the petitioners.

The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a petition for a writ of certiorari. The petitioners are the plaintiffs in an action brought against Ramón San Miguel and others in the District Court of Guayama for the nullity of a contract, the acknowledgment of ownership and for damages. In 1889 Ramón Santini, the

father of the petitioners, purchased a certain rural property in Aibonito while married to Joaquina Rodríguez, the mother of the petitioners. The mother died. The father married again and in 1893, without the intervention of the children, sold the said property to defendant San Miguel, who later sold a part of the property, but is still in possession of the remainder.

After being summoned the defendant moved that the heirs of his grantor be summoned as warrantors. At the same time he filed a demurrer to the complaint, alleging that it was without prejudice to the motion. The summons in warranty was ordered but not executed. The demurrer was heard by the court and decided in favor of the defendant. The plaintiffs amended their complaint. The defendant again demurred and answered. Later he moved for a judgment on the pleadings and his motion was finally sustained. The plaintiffs appealed and on July 31, 1919, this court reversed the judgment appealed from and remanded the case for further proceedings. *Santini et al.* v. *Díaz San Miguel et al.,* 27 P. R. R. 746.

In these circumstances and the case being once more before the district court, the defendant again moved that the heirs of his grantor be summoned as warrantors. The motion was sustained and the plaintiffs moved for a reconsideration of the court's ruling on the following grounds:

A. Because defendant Ramón Díaz San Miguel has no right in this case to such a summons in warranty, inasmuch as the sale involved was not made to him by the mother of the plaintiffs, but by their father in the name of a conjugal partnership which did not exist.

B. Because it is alleged in this case that Díaz San Miguel purchased the property in controversy in bad faith, knowing that it did not belong to his grantor, and moreover because the said defendant could have ascertained upon in-

vestigation that his grantor was not the owner of the whole property.

C. Because, supposing that such right existed, from May 27, 1917, when the court sustained the motion for the summons in warranty, more than two years have elapsed and the summons has not been served, notwithstanding the fact that the defendant resides in Aibonito and the statute provides that such summons shall be served as soon as possible within the period fixed by the Code of Civil Procedure.

D. Because in answering the complaint and filing other pleadings in this action before the plaintiffs had been summoned as warrantors, the defendant waived any right that he might have had to their being so summoned.

The district court refused to reconsider its ruling and the plaintiffs thereupon filed this petition for a writ of certiorari and by virtue thereof have submitted to this court the same questions that they raised in the district court. The reasons assigned under letters A and B should not be considered in this proceeding. The assignments under letters C and D will be considered in so far as they may involve a question of procedure.

Section 1385 of the Civil Code reads as follows:

"Section 1385.—A defendant vendee shall request within the period fixed in the Law of Civil Procedure for answering the suit that notice thereof be given to the vendor or vendors within the shortest period possible.

"This notification shall be made in the manner established in said law for the summoning of defendants.

"The time to answer granted to the vendee shall be suspended until the expiration of that granted the vendor or vendors to appear and answer the complaint, and which periods shall be the same as those granted all defendants by the aforesaid Law of Civil Procedure, counted from the notification prescribed in the first paragraph of this section.

"Should the persons summoned for eviction not appear in the proper time and manner, the period in which to answer the suit shall continue with regard to the vendee."

Commenting on article 1482 of the Spanish Civil Code, which is the same as section 1385 of the Revised Civil Code, Manresa says:

"Only one condition is imposed upon the grantee—that notice of the suit be served. When this has been done his right to warranty is perfect and the grantor can not oppose it. This is the preparatory step to be taken in the demand in warranty to which we referred in our commentary on the preceding article. According to article 1480, warranty can not be demanded until a final judgment may have been rendered, but the demand in warranty is prepared prior to such judgment by giving the grantor notice of the suit.

"In the absence of this notice, according to article 1481, the grantor shall not be bound to the warranty, thereby clearly establishing that the failure of the grantee to comply with the condition to which his right is subject absolutely defeats such right.

"Article 1482 treats of the practical manner of giving such notice, of the proper time for giving it and of its direct effects. Its precepts are very important to every grantee, who should strictly comply therewith, for if the statute allows him such a demand and binds the grantor to warranty, it is reasonable that it should hold the grantee to due diligence in order to protect the interests of his grantor.

"The grantee should not be dilatory. As soon as he is summoned in the action and within the period allowed him by law for answering, he should move the court to summon the grantor  *  *  *

"The Code does not state the time within which notice must be served on the grantor, it providing simply that notice shall be given within the shortest period possible. The time might well have been fixed, because it must not be overlooked that according to article 1481, it is not the mere motion of the grantee that notice of the suit be given to the grantor, but the fact that such notice has been given, that really leaves the demand in warranty prepared. We are convinced that this step is of an urgent nature; that it should be taken immediately; that the judge or official who delays it should be held to account, and, finally, that the spirit of the code in prescribing *the shortest period possible* is to point out the urgent nature which we unhesitatingly attribute to it  *  *  *." 10 Manresa, Spanish Civil Code, 212–213.

And at page 589 of volume 23 of his Commentaries on the Civil Code, Scaevola says:

"Article 1482 of the Code treats of this matter, clearly settling a point which for a long time has been but slightly and poorly defined, particularly that referring to the time for meeting the requirement of summoning the grantor.

"The opinion held by Pomponio in Law 29, Title II, Book XXI, of the Digest is that the grantor can be summoned at any time to appear and defend, provided that it be not left for a short time prior to judgment. Laws 32 and 36 of Title V, *Partida* 5, provide that the grantor shall be notified of the suit 'at the very latest, before the witnesses are called to testify.' And the jurisprudence of the Supreme Court in its judgments, among others, of March 17, 1865, and December 15 and 17, 1873, as well as the opinions of a majority of the commentators, construes the Alfonzo Laws in the sense that the notice should be given 'before the publication of the evidence or before it is made a part of the record.'

"Viso very correctly considered this a defective interpretation, because it follows therefrom that as these acts take place after the examination of the evidence, the notice to the grantor would serve no purpose if the time for making his defense had expired, adding that the fact that this defect can be corrected on appeal should not serve as a ground for restricting the measures of defense and preventing their use in the court of first instance through failure to give him timely notice; and that consequently it may more reasonably be said that the grantee must summon the grantor either immediately after the action was brought or before the conclusion of the examination of the evidence, so that he may have time to make his defense, as was the opinion of Gregorio López. And if commenting on the old law, we would add that the summons should be served at the latest when the plaintiff offers his evidence, for if not served until the plaintiff has rested, the warrantor's defense would be little than useless  *  *  * .

"The first paragraph of the said article requires that notice shall be given to the grantor within the shortest time possible. This period, which should come between the order of the court granting the defendant's motion and the actual service of notice, can not be less than one day, the maximum time fixed by article 260 of the Law of Civil Procedure for all kinds of notices. The time could have

been fixed in hours, but the law does not do so and reason does not actually counsel it.''

The wording of said section 1385 of the Code is sufficient for the conclusion that, as a general rule, the summons should be moved for and served before the defendant answers the complaint.

But does it follow that if this is not done the grantee absolutely loses his right? If the summons is moved for but not served and the grantee answers and the action is prosecuted to judgment against him, the grantor, in our opinion, would be relieved of liability, according to section 1384 of the Civil Code; but if, as in the present case, the judgment is reversed by the appellate court and after the case is remanded the summons is again moved for and granted, giving the grantor full opportunity to defend himself, we doubt that the summons served under such circumstances is absolutely null and void and of no legal effect. And we do not feel inclined to discuss this doubt in a certiorari proceeding, as there are involved questions of substantive law which are governed by the Civil Code.

Besides, the summons in warranty is intended to produce the effects determined by the said code between the defendant and the person from whom he derives his rights and does not affect the plaintiffs. We can not see how the mere service of the summons can work any actual hardship upon the plaintiffs at this time, and if this should appear to be the case later, they will have an opportunity to assert their rights in an ordinary appeal which they may take at the proper time from the final judgment if it should be against them. This we held in the case of *Franceschi et al.* v. *Sepúlveda,* 27 P. R. R. 110.

In any event, as the writ of certiorari is not a writ of right, we are convinced that the ends of justice will be better served by allowing the case to proceed in order that it may

be considered on appeal, instead of undertaking to dispose of it in these proceedings.

In view of the foregoing, the writ should be discharged and the case remanded to the court of its origin for further proceedings in accordance with the law.

*Writ discharged.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.